USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/16/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
TIASHAWN AMBROSE,       :
                        :
              Plaintiff,   :
                        :
        -v.-            :
                        :
C.O. MESTRE, et al.,    :
                        :
              Defendants.  :
                        :
-------------------------------------------------------------x

**REPORT AND
RECOMMENDATION**

12-CV-4349 (PAE) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

**To the Honorable Paul A. Engelmayer, United States District Judge:**

Defendants, two Rikers Island corrections officers and the City of New York, move to

dismiss pro se Plaintiff Tiashawn Ambrose's civil rights complaint for failure to prosecute under

Rule 41(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, I

recommend that Defendants' motion be granted and the action be dismissed with prejudice.

## I.    PROCEDURAL HISTORY

### A.  Ambrose's Allegations and Initial Stay of Action

Ambrose commenced this action on June 1, 2012, alleging violations of his constitutional

rights under 42 U.S.C. § 1983. See Complaint (Dkt. No. 2). Ambrose alleges that, on

approximately March 31, 2012, corrections officers at the Anna M. Kross Center on Rikers

Island – Defendants Mestre and Baker, as well as three John Does – used excessive force and

"violated [his] religion" when they intervened during a "tussle" with another inmate in which

Ambrose was the self-described "aggressor." Id. at ¶ II.C, D. As a result of being kicked,

stomped, and having his dreads pulled, Ambrose alleges that he suffered injuries in his lower

back and right toe, and experienced a constant migraine headache. Id. at ¶¶ II.D, III. The

1


USDC SDNY
DATE SCANNED 6/16/14

complaint seeks an opportunity for Ambrose to explain his case to the Court in person and

monetary compensation of $100,000 to $200,000. Id. at ¶ V.

On June 14, 2012, the Court issued an order allowing Ambrose to proceed in forma

pauperis (Dkt. No. 3) and ordered that a summons be issued and service effected (Dkt. No. 6).

Defendants subsequently agreed to waive service. See Waivers of Service (Dkt. Nos. 7, 10). On

August 14, 2012, the Court granted Defendants' application to stay the action pending the

completion of an internal Department of Correction ("DOC") investigation into Ambrose's

allegations. See Endorsed Letter (Dkt. No. 12).

## B. Lifting of Stay and Ambrose's Non-Responsiveness

Following the conclusion of the DOC investigation, Defendants filed their answer to the

complaint on April 29, 2013 (Dkt. No. 16). An initial pretrial conference was held on May 29,

2013, at which counsel for Defendants, appearing by telephone, represented to the Court that

Ambrose, still incarcerated, had refused to participate from the facility where he was being held.

See Order dated May 30, 2013 (Dkt. No. 21). The Court adopted a case management plan

directing that discovery be completed by September 26, 2013 and that counsel for Defendants

serve the scheduling order on Ambrose. Id. A certificate of service to that effect was filed on

May 31, 2013 (Dkt. No. 23). The case was then referred to the undersigned for general pretrial

supervision. Order of Reference dated May 30, 2013 (Dkt. No. 22).

On October 2, 2013, the Court ordered the parties to submit status letters by October 11,

2013. Order (Dkt. No. 24). Ambrose did not submit a letter in violation of that order. Counsel

for Defendants submitted their letter on October 10, 2013, informing the Court that:

(1) Defendants had served Ambrose with their first set of interrogatories and requests for

documents on June 5, 2013 and received no response; (2) Defendants issued a follow-up request

2

on August 27, 2013 and again received no response from Ambrose; and (3) Ambrose had not

attempted to communicate with Defendants in any manner since the filing of the complaint,

including failing to serve any discovery requests.  Letter from Ariel Lichterman (Dkt. No. 25), at

2.  Defendants also indicated their intention to move for dismissal for failure to prosecute, id.,

and the matter was subsequently referred to me for preparation of this Report and

Recommendation.  Order of Reference dated Feb. 26, 2014 (Dkt. No. 27).  Defendants filed their

motion papers on March 14, 2014.  Motion to Dismiss for Lack of Prosecution (Dkt. No. 29);

Declaration of Ariel Lichterman dated Mar. 14, 2014 (Dkt. No. 30); Memorandum of Law in

Support of Motion to Dismiss (Dkt. No. 31).  Despite being ordered to submit any opposition by

April 14, 2014, see Order dated Feb. 28, 2014 (Dkt. No. 28), Ambrose has not responded to date.

## II.    DISCUSSION

### A. Legal Standard

It is the plaintiff's duty to diligently advance his case.  See Lyell Theatre Corp. v. Loews

Corp., 682 F.2d 37, 43 (2d Cir.1982).  "If the plaintiff fails to prosecute or to comply with the[]

rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed.

R. Civ. P. 41(b).  Dismissal under Rule 41(b) is "an adjudication on the merits" unless otherwise

specified.  Id. (excepting dismissals for lack of jurisdiction, improper venue, or failure to join a

party).  While the district court has broad discretion in granting a Rule 41(b) motion, Nita v.

Connecticut Dep't of Envtl. Protection, 16 F.3d 482, 485 (2d Cir. 1994), "dismissal for failure to

prosecute is a harsh remedy to be utilized only in extreme situations."  United States ex rel.

Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004) (quoting Minnette v. Time Warner,

997 F.2d 1023, 1027 (2d Cir. 1993)).  Nonetheless, because it is a plaintiff's responsibility to

pursue his or her case diligently, "an action lying dormant with no significant activity to move it

. . . may warrant dismissal after merely a matter of months." Lyell Theatre Corp., 682 F.2d at 42-43.

Courts must consider a number of factors before dismissing an action for failure to prosecute, including:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

Drake, 375 F.3d at 254 (citations omitted); see also Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009). No one factor is dispositive. Shannon v. General Elec. Co., 186 F.3d 186, 194 (2d Cir.1999).[1]

In addition, courts must give special consideration to motions to dismiss for failure to prosecute raised against unrepresented plaintiffs, remaining "especially hesitant to dismiss for procedural deficiencies where . . . the failure is by a pro se litigant." Ashley v. City of New York, 02-CV-3085 (LAP) (RLE), 2003 WL 1624215, at *1 (S.D.N.Y. Mar. 25, 2003) (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)); see also LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001). Nevertheless, "while pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants,

---

[1]     "[A] district court is not required to discuss each factor in dismissing a case as long as an explanation is given for the dismissal." Nzomo v. Wheeler, 10-CV-8530 (RA) (JLC), 2013 WL 4713911, at *1-2 (S.D.N.Y. Sept. 3, 2013) (quoting Qiaosun Wu v. BTL Int'l Co., 11-CV-1202 (PAE) (GWG), 2011 WL 683132, at *5 (S.D.N.Y. Apr. 12, 2012)), Report and Recommendation, adopted by 2014 WL 92711 (S.D.N.Y. Jan. 9, 2014). Nonetheless, in an abundance of caution and because dismissal with prejudice is recommended here, I will address each of the "guiding rules" fashioned by the Second Circuit. Drake, 375 F.3d at 254.

4

must suffer the consequences of their actions." McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988); see also Hibbert v. Apfel, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000) ("Although sympathetic to the plight of the unrepresented, strong policy concerns further support dismissal. Delays have dangerous ends, and unless district judges use the clear power to [dismiss] when appropriate, exhortations of diligence are impotent.") (quotation marks omitted).

**B. Ambrose Has Failed to Prosecute His Case**

Since the filing of his complaint in June 2012, Ambrose has failed to interact even once with the Court or with opposing counsel. It has been more than a year since Defendants answered the complaint, following the lifting of the DOC investigation-related stay in April 2013. A period of this length in which the plaintiff has taken no steps to litigate his case is more than sufficient to justify dismissal. See, e.g., Yadav v. Brookhaven Nat. Lab., 487 F. App'x 671, 672-73 (2d Cir. 2012) ("Although [plaintiff's] dilatory conduct extended for only three months, we have noted that a delay of a 'matter of months' can potentially warrant dismissal.") (citing Lyell, 682 F.2d at 43); Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 666 (2d Cir. 1980) (dismissal proper under Rule 41(b) when plaintiff failed to take any action to move his case to trial during six month period). Moreover, it is a long enough delay to assume prejudice to Defendants. See, e.g., Antonios A. Alevizopoulos & Associates, Inc. v. Comcast Int'l Holdings, Inc., 99-CV-9311 (SAS), 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000) ("Defendants should not be forced to bear the expense of defending a lawsuit when the plaintiff has shown little or no interest in pursuing that lawsuit."); Virola v. Entire GRVC Dep't of Mental Health Hygeine Servs., 12-CV-1005 (ER), 2014 WL 793082, at *3 (S.D.N.Y. Feb. 21, 2014) (prejudice may be

5

fairly presumed with delay of more than six months); Chira, 634 F.2d at 666-68 (six-month delay caused prejudice).

Ambrose has also received adequate notice about the possibility of dismissal, including: Defendants' October 2013 letter indicating their intention to move to dismiss, the Court's February 2014 order setting a briefing schedule for the motion, and Defendants' March 2014 motion papers. See, e.g., Virola, 2014 WL 793082, at *3 (motion papers and court order constitute sufficient notice); George v. City of New York, 12-CV-6365 (PKC) (JLC), 2013 WL 5943206, at *4 (S.D.N.Y. Nov. 6, 2013) (single warning that recommendation for dismissal for failure to prosecute would follow suffices as "meaningful, non-technical notice") (citing Lucas, 84 F.3d at 535). In light of these warnings and despite his continued indifference, including his refusal to participate by phone even in the initial pretrial conference, Ambrose has been afforded a meaningful opportunity to be heard, and the Court may now take appropriate action to manage its interest in an orderly docket. "It is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." Hibbert, 2000 WL 977683, at *3. See also Caussade v. United States, 293 F.R.D. 625, 631 (S.D.N.Y. 2013) (court's interest in managing docket outweighs plaintiff's interest to be heard where she has been out of contact for five months and ignored discovery requests); Yang v. Greyhound Lines, Inc., 07-CV-6499 (CM), 2008 WL 3126188, at *2 (S.D.N.Y. July 14, 2008) (Plaintiff who has "rebuffed" written communications and offers to be heard in connection to motion "should take a back seat to the court's interest in managing its docket.").

Finally, it is clear that no lesser sanction would be effective because Ambrose, having effectively abandoned any interest in this lawsuit subsequent to filing the complaint, would simply disregard it. See, e.g., Caussade, 293 F.R.D. at 631 ("Because [plaintiff] has effectively

6

disappeared, she cannot be given notice of any sanction less than dismissal."); Blake v. Payane,

08-CV-0930 (PAC) (PED), 2011 WL 7163172, at *2 (S.D.N.Y. Mar. 11, 2011) ("[N]o lesser

sanction would be effective, since petitioner would be unaware that any sanction had been

imposed."); Rogers v. Villafane, 12-CV-3042 (CBA) (MDG), 2013 WL 3863914, at *3

(E.D.N.Y. July 24, 2013) ("There is no indication that a lesser sanction, such as a fine, would be

effective, given the plaintiff's failure to take any action for several months to indicate an interest

in pursuing this case."). For the same reason, dismissal with prejudice, consistent with the

default presumption that a Rule 41(b) dismissal is an "adjudication on the merits," is the proper

outcome. See Lyell Theatre Corp., 682 F.2d at 43. Given Ambrose's utter lack of desire to

move his case forward, dismissal without prejudice would be pointless given the unlikelihood

that he would refile an action, an opportunity that in any event his conduct does not merit. See

Thrall v. Cent. New York Reg'l Transp. Auth., 399 F. App'x 663, 666 (2d Cir. 2010)

("[D]ismissal with prejudice may be appropriate even for pro se litigants who repeatedly ignore

court orders or otherwise engage in obdurate conduct.").

### III.   CONCLUSION

For the foregoing reasons, I recommend that Defendants' motion to dismiss Ambrose's

complaint for failure to prosecute under Rule 41(b) be granted with prejudice.

### PROCEDURE FOR FILING OBJECTIONS
### TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

Procedure, the parties shall have fourteen (14) days from service of this Report to file written

objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be

filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable

Paul A. Engelmayer, United States Courthouse, 40 Foley Square, New York, New York 10007,

7

and the undersigned, United States Courthouse, 500 Pearl Street, New York, New York 10007.

Any requests for an extension of time for filing objections must be directed to Judge

Engelmayer.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL**

**RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE**

**REVIEW.** 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. See Thomas v. Arn, 474 U.S. 140 (1985);

Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596

F.3d 84, 92 (2d Cir. 2010).  If Ambrose does not have access to cases cited herein that are

reported on Westlaw, he should request copies from counsel for Defendants. Lebron v. Sanders,

557 F.3d 76, 79 (2d Cir. 2009).


Dated: New York, New York
       June 16, 2014

                                        JAMES L. COTT
                                        United States Magistrate Judge


**A copy of this Report and Recommendation has been mailed to:**

Tiashawn Ambrose
Clinton Correctional Facility
1156 Rt. 374 P.O. Box 2000
Dannemora, New York 12929-2000
DIN: 13-A-0700