UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TIASHAWN AMBROSE,

                            Plaintiff,                  12 Civ. 4349 (PAE) (JLC)

                -v-                                   ORDER ADOPTING
                                                    REPORT &
C.O. MESTRE, et al.,                                 RECOMMENDATION

                          Defendants.
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

    *Pro se* prisoner Tiashawn Ambrose ("Ambrose") brings this civil rights action, pursuant to 42 U.S.C. § 1983, against two corrections officers at the Anna M. Kross Center on Rikers Island ("Rikers Island" or "Rikers") and the City of New York (collectively, "defendants"), alleging violations of his constitutional rights, arising out of an incident that occurred when Ambrose was incarcerated at Rikers. Defendants move to dismiss the complaint for failure to prosecute under Federal Rule of Civil Procedure 41(b). Before the Court is the June 10, 2014 Report and Recommendation of Magistrate Judge James L. Cott (the "Report"), recommending that the Court grant defendants' motion. Dkt. 32. For the reasons that follow, the Court adopts the Report in full.

I.      **Background**[1]

    On June 1, 2012, Ambrose commenced this action by filing the complaint. Dkt. 2. The complaint alleges that, in or around March 31, 2012, Rikers Island corrections officers used excessive force and "violated [his] religion" when they intervened in an altercation between

---

[1] The Court's summary of the facts of this case is drawn from the detailed account of the facts provided in the Report, to which the parties do not object.

1

Ambrose and another inmate; and that as a result of being kicked, stomped, and having his dreadlocks pulled, Ambrose suffered injuries to his lower back and right toe, and has experienced constant migraines.

On June 14, 2012, the Court issued an order allowing Ambrose to proceed *in forma pauperis*, as well as order directing the U.S. Marshals to serve defendants on Ambrose's behalf. Dkt. 3, 6. Defendants later agreed to waive service. Dkt. 7, 10. On August 12, 2012, the Court granted defendants' request for a stay pending the completion of an internal Department of Corrections ("DOC") investigation into Ambrose's allegations. Dkt. 12. Following conclusion of the DOC investigation, the stay was lifted, and, on April 29, 2012, defendants answered. Dkt. 16.

On May 29, 2013, the Court held an initial pretrial conference. Defendants appeared at the conference via telephone; Ambrose, who was incarcerated, refused to participate in the conference. *See* Dkt. 21. Following the conference, the Court entered a civil case management plan and scheduling order, which directed that discovery be completed by September 26, 2013, *see id.*; defendants served that order on Ambrose on May 31, 2013, *see* Dkt. 23. On May 30, 2013, the Court referred the case to Judge Cott for general pretrial supervision. Dkt. 22.

By order dated October 2, 2013, the Court directed the parties to submit status letters by October 11, 2013. Ambrose failed to file any such letter. On October 10, 2013, defendants submitted a letter informing the Court that Ambrose had failed to serve discovery requests on defendants, failed to respond to defendants' discovery requests, and failed to correspond with defendants in any way since the filing of the complaint. *See* Dkt. 25. Defendants also informed the Court that they intended to move to dismiss for failure to prosecute. *See id.* The Court referred the motion to Judge Cott for preparation of a Report & Recommendation. Dkt. 27.

On February 28, 2014, Judge Cott issued an order directing defendants to file their motion to dismiss by March 14, 2014, and directing Ambrose to file opposition papers by April 14, 2014. Dkt. 28. On March 14, 2014, defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b), Dkt. 30, and supporting memoranda of law, Dkt. 31. The Court's records do not reflect that Ambrose ever filed opposition papers.

On June 16, 2014, Judge Cott issued the Report, recommending that the complaint be dismissed with prejudice. Applying the factors identified by the Second Circuit as relevant to the determination of whether dismissal for failure to prosecute is warranted, Judge Cott noted that (1) Ambrose had failed to interact with the Court or with defendants "even once" since the filing of the complaint on June 1, 2012; (2) it had been more than a year since the stay was lifted and defendants answered, with no response from Ambrose; and (3) Ambrose had received ample notice about the possibility of dismissal if he failed to comply with the Court's orders, but he still failed to respond to defendants' motion. Report at 5–6 (citing *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). Accordingly, the Report held, even in light of the special solicitude given to *pro se* litigants, dismissal of the complaint with prejudice is justified. *See id.* at 5 ("A period of this length in which the plaintiff has taken no steps to litigate his case is more than sufficient to justify dismissal. . . . Moreover, it is a long enough delay to assume prejudice to Defendants."); *id.* at 6 ("[I]t is clear that no lesser sanction would be effective because Ambrose, having effectively abandoned any interest in this lawsuit subsequent to filing the complaint, would simply disregard it.").

The Report further directed the parties to file any objections within 14 days of service of the Report. To date, no objections have been filed.

**II.      Discussion**

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). However, when the objections simply reiterate previous arguments or make only conclusory statements, the Court should review the report for clear error. *See Genao v. United States*, No. 08 Civ. 9313 (RO), 2011 WL 924202, at *1 (S.D.N.Y. Mar. 16, 2011); *Kirk v. Burge*, 646 F. Supp. 2d 534, 539 (S.D.N.Y. 2009) (collecting cases).

Careful review of the well-reasoned Report reveals no clear error. To the contrary, the Court agrees that Ambrose's wholesale failure to prosecute his case justifies dismissal under Rule 41(b). Ambrose, despite ample notice, has been delinquent for well over a year; it is clear that no sanction short of dismissal would be effective. The Report, which is incorporated by reference herein, is adopted without modification.

## CONCLUSION

For the foregoing reasons, Ambrose's complaint is dismissed with prejudice. The Clerk is directed to terminate the motion pending at Dkt. 29, and to close this case.

The parties' failure to file written objections precludes appellate review of this decision. *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam). The Court therefore declines to issue a certificate of appealability, and certifies that any appeal from this order would not be

taken in good faith; therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: September 24, 2014
       New York, New York